### STATE v. MRS. OTTIS COPPLEY.

(Filed 20 November 1963.)

**Bills and Notes § 20—**

> Where the evidence discloses that the check issued by defendant was returned by the bank, not on account of insufficient funds, but because it was written on the wrong kind of check form, the court should enter a judgment of not guilty in a prosecution for issuing a worthless check.

APPEAL by defendant from *McConnell, J.,* February 18, 1963 Session, ROWAN Superior Court.

In this criminal prosecution the State charged that on January 9, 1961, Mrs. Ottis Coppley "did unlawfully, wilfully, draw, make, utter, issue and deliver to Wallace Motor Company a check drawn on the Commercial Bank of Lexington, N. C., for the payment of money in the sum of $11.94, knowing at the time of the making, drawing, uttering, issuing, and delivering of said check as aforesaid that she did not have sufficient funds on deposit in or credit with said bank with which to pay the same upon presentation."

The defendant entered a plea of not guilty. The following was in evidence from the bank upon which the check was drawn:

"This is to certify that the check for $11.94 referred to below was presented to us for payment on February 11, 1961. It was good for the amount for which it was drawn and was not returned on account of insufficient funds but because it was written on the wrong kind of check form. Mrs. Coppley says she did not have one of her checks on us at the time, and that the payee insisted that he change one of his forms. /s/ Commercial Bank of Lexington, by: J. W. McLendon."

From a verdict of guilty and judgment, the defendant appealed.

*T. W. Bruton, Attorney General, James F. Bullock, Asst. Attorney General for the State.*

*Henderson & Yeager by Buford T. Henderson, Frank J. Yeager for defendant appellant.*

PER CURIAM. The certificate from the Commercial Bank of Lexington was in evidence, uncontradicted and unchallenged. That evidence made out a complete defense to the charge. The court should have entered a judgment of not guilty. The judgment and verdict are set aside. The cause is remanded for disposition as here directed.

Reversed.